CRAWFORD CO. (COMRS.) V. HURON CO. (COMRS.) ET AL.

CHARLES B. SMITH ET AL. V. HURON CO. (COMRS.)

DAN'L FERGUSON ET AL. V. HURON CO. (COMRS.)

1. JURISDICTION OF COMMON PLEAS COURT OF SUIT FOR APPORTIONMENT OF COST OF JOINT COUNTY DITCH.

Where, during proceedings by and before the boards of commissioners of three counties, for the purpose of improving a joint county ditch, it was decided that the lower county should do certain work upon the ditch in that county, reserving all its rights as to compensation from the other counties, the court of common pleas has jurisdiction, by virtue of Rev. Stat. 4488a (Lan. 7672), of an action against the others for an apportionment of the cost of such ditch improvement. Laning 7703 (B. 4510-10) provides an alternative procedure in the court of common pleas by a county to compel contribution for expense of constructing or improving an outlet for waters from other counties whenever a majority of the boards of commissioners of such counties shall so agree; and voluntary submission to the jurisdiction of such court by tender of issues in pleadings without questioning jurisdiction therein and by assenting to journal entries of such court is equivalent to such agreement.

[For other cases in point, see 3 Cyc. Dig., "Counties," §§ 521-537; 3 Cyc. Dig., "Drains and Ditches," §§ 164-187.—Ed.]

2. RIGHT TO CONTRIBUTION FOR IMPROVING JOINT COUNTY DITCH.

By virtue of Rev. Stat. 4510-1 (Lan. 7694) where the county commissioners of a county clean and enlarge that part of a joint county ditch lying within its boundaries so that better drainage is provided for an upper county, contribution may be had from such upper county to meet the cost of the improvement.

3. EFFECT ON COUNTY RIGHTS OF DITCH'S BECOMING PUBLIC WATERCOURSE.

Where a county ditch has once been established by law and has been used for a period of over seven years it does not, by operation of Rev. Stat. 4510 (Lan. 7681), become a public watercourse in such sense as to take away the right to improve it as an established county ditch.

4. TIME WITHIN WHICH VIEWERS ARE TO REPORT.

By the proper construction of Lan. 7703 (B. 4510-10) viewers are given thirty days from the time of their appointment to act and report. They are not limited to a period of thirty days from the filing of the petition.

5. PARTIES TO ACTION FOR CONTRIBUTION, WHO MAY BE.

Provision is made, by statute, only for proceedings between the boards of county commissioners of the different counties interested in a suit for contribution for ditch improvements, and the owners of the lands affected by the improvements cannot join in the action and become parties thereto.

[Syllabus approved by the court.]

Huron County.

ERROR to Huron common pleas court.

**C. H. Henkel** and **J. R. McKnight,** for plaintiffs in error:

Jurisdiction of ·commissioners of one county to construct a ditch in another county. *Schamp* v. *Kennedy,* 9 Circ. Dec. 213 (16 R. 604); *Carlin* v. *Hosler,* 58 Ohio St. 694 [51 N. E. Rep. 1096]; see *Lucas Co. (Comrs.)* v. *Fulton Co. (Comrs.)* 3 Dec. 159 (2 N. P. 47), affirmed, *Fulton Co. (Comrs.)* v. *Lucas Co. (Comrs.)* 5 Circ. Dec. 500 (12 R. 563); *Zimmerman* v. *Canfield,* 42 Ohio St. 463; see also *Buckley* v. *Lorain Co. (Comrs.)* 1 Circ. Dec. 137 (1 R. 251), where the land of a party will not be benefited by the improvement; *Redfern* v. *Hancock Co. (Comrs.)* 10 Circ. Dec. 45 (18 R. 233); *Blue* v. *Wentz,* 54 Ohio St. 247 [43 N. E. Rep. 493]; *Pleasant Hill (Vil.)* v. *Commissioners,* 71 Ohio St. 133 [72 N. E. Rep. 896]; *Cooper* v. *Van Wert Co. (Comrs.)* 16 Dec. 638; *Greene Co. (Comrs.)* v. *Harbine,* 74 Ohio St. 318 [78 N. E. Rep. 521].

**L. W. Wickham,** for Huron Co. (Comrs.).

**C. H. Huston,** for Richland Co. (Comrs.).

**WILDMAN, J.**

Three cases numbered on the docket, 413, 414 and 415 involve proceedings relative to a joint county ditch, so-called, with regard to which there is some dispute concerning its precise character, and as to what proceedings should have been taken. The first of the cases so numbered is that of the board of county commissioners of Crawford county against the board of county commissioners of Huron county; the second of them, that of Charles R. Smith and others against the board of county commissioners of Huron county, and the third, that of Daniel Ferguson and others against the board of county commissioners of Huron county and others.

These are all based upon claimed errors of the court of common pleas in a proceeding instituted under favor of Rev. Stat. 4488a (Lan. 7672).

It appears that at some time in the year 1905, petitions were filed in the three counties, Huron, Crawford and Richland, for the widening, deepening and straightening of a so-called joint ditch, known as the Noggle joint county ditch and certain ditches draining into the same, known as Spring run and Marsh run.

One of the three counties named, Huron county, is the lower county and the one into which the waters of the other two counties would naturally drain, ·or into which waters might be conducted by proper drainage.

Commissioners v. Commissioners.

The commissioners of the three counties held certain meetings and had certain proceedings; but we are favored with no record of any of them until the date of March 6, 1906, when a meeting was held at the office of the board of county commissioners of Huron county, Ohio, for the purpose of further considering the petition of one J. W. Dawson and others, which was the foundation of the proceedings. An examination of the record of this meeting is vital to the proper determination of the controversy here involved.

I may say that the claims of Richland county, as represented by the board of commissioners of that county, are practically eliminated from the contention here; no petition in error has been filed by the board of commissioners of that county and the real controversy here is between the board of commissioners of Huron county and the board of commissioners of Crawford county except in so far as certain residents of the two counties of Richland and Crawford have sought to become parties in the proceedings to contest before the court the claims of Huron county under the statute to which I have referred.

Before entering upon any critical examination of the recorded proceedings, it may be well to mention, in a general way, the terms of Rev. Stat. 4488 (Lan. 7671), immediately preceding Rev. Stat. 4488a (Lan. 7672), which provides for the bringing of a proceeding in the court of common pleas. Revised Statute 4488 (Lan. 7671) provides that when a ditch or improvement is proposed, which will require a location in more than one county, application shall be made to the commissioners of each of said counties, and the surveyor or engineer shall make a report for each county. Application for damages shall be made, and appeals from the finding of the commissioners, in joint session, locating and establishing such ditch, and from the assessment of damages or compensation, shall be taken to the probate court of the county in which the greatest length of such ditch or improvement is located; and a majority of the commissioners of each county, when in joint session, shall be competent to locate and establish such ditch or improvement; but no commissioner shall serve in any case in which he is personally interested, and any two of the commissioners may form a quorum for the transaction of business for their respective counties.

There are certain other provisions in the section which it is not necessary to read.

Now, Rev. Stat. 4488a (Lan. 7672) provides:

"If the commissioners in joint session find in favor of the proposed improvement, and are unable afterwards to agree as to the proportion of the costs of location and constructing the improvement, which shall

be assessed in each of the counties, respectively, the board of commissioners of either county may petition the court of common pleas of their county for the appointment of three disinterested freeholders, not residents of either of said counties, who shall within thirty days thereafter, after being duly sworn and upon actual view of said improvement, estimate and report to said court the amount which should be charged to the land in each county interested in said improvement, respectively."

Now, examining the proceedings of March 6, 1906, we find it recited that, among other persons present, were two commissioners of Crawford county, Samuel Easterday and J. H. Petri, with all the members of the Richland and Huron county boards.

The meeting was called to order by the chairman of the joint board. It is recorded that the minutes of the meeting of February 23 were read and on motion, duly approved, but we are not informed as to just what had taken place at the meeting of February 23.

I now read from the record of the proceedings of March 6:

"After a further explanation of their reports by the engineers of the several counties respectively, it was moved by Felton and seconded by Miller, that 'Noggle Joint county ditch,' 'Spring run' and 'Marsh run' be cleaned out, deepened and widened as prayed for in the petition.

"Mr. Easterday moved to amend the motion by providing for the elimination of that part of 'Noggle Joint county ditch' which lies in Crawford county from the proposed improvement. The amendment being accepted by Mr. Miller, the following vote was had on the amendment: Crawford county—Easterday, aye, Petri, aye; Huron county—Noble, aye, Miller, aye, Felton, aye; Richland county—Finney, aye, Baker, aye, Patterson, aye. The amendment was carried by a unanimous vote.

"Then it was moved by Mr. Finney to further amend the motion by providing that that part of 'Spring run' lying in Richland county be eliminated from the proposed improvement. That amendment was accepted and the motion was carried."

It was moved by Felton and seconded by Miller that the motion be amended by providing that of the cost of said proposed improvement exclusive of that part of "Noggle Joint county ditch" in Crawford county, and that part of "Spring run" in Richland county, there shall be paid by Crawford county, $1,300; Richland county, $750, and by Huron county, the balance of the cost thereof.

A vote was taken on this motion and it was declared lost. All these are proposed amendments to original motions. Then it was moved by

Commissioners v. Commissioners.

Finney and seconded by Patterson to amend the motion by providing that Huron county pay all the cost of said proposed improvement.

The vote on this amendment was unanimously no, all the commissioners from the three counties present voting against the proposition to amend the original motion by throwing the entire charge upon Huron county. It was then moved by Finney and seconded by Baker that the motion as amended be laid on the table and the vote was unanimously in favor of so doing.

It was then moved by Finney and seconded by Baker—

"That it is the sense of this joint board that that part of 'Noggle Joint county ditch' lying in Huron county be improved, reserving to Huron county any existing right of recovery for benefits to, or damage caused by, Richland and Crawford counties or landowners therein."

Up to this time there is no hint that this was not a joint county ditch which was sought to be improved. No question is raised in this meeting, and we are not advised that any was raised in any prior one as to the legality of a proceeding for the improvement of an existing joint ditch, parts of which were in all of the three counties named.

The motion which I have just read was carried by a unanimous vote. It was then moved by Finney and seconded by Petri, that the reports of the engineers of the several counties be accepted, and this motion was carried by a unanimous vote.

It was moved by Easterday, one of the Crawford county commissioners, and seconded by Patterson, that the joint board adjourn subject to call of its president and this motion was carried by a unanimous vote, and the meeting adjourned.

It will be noted that while there was no question raised as to the legality of the proceeding, under Rev. Stat. 4488 (Lan. 7671), applicable to a joint ditch, still there had been no agreement as to the proportion of the expense which should be borne by the one county or the other. There was no agreement among the commissioners, for instance, that Crawford county should bear a proportion of the expenses stated, and that Huron county or Richland county should bear another. We are left with the express reservation that Huron county preserves all its rights as to compensation from the other counties, whatever those rights may be.

On March 8, 1906, the board of county commissioners of Huron county commenced its action in the court of common pleas of Huron county, Ohio, under Rev. Stat. 4488a (Lan. 7672), alleging a failure to agree as to the proportion of the expenses that should be borne by

the different counties, and asking for the action of the court, under said section.

We find that summons was issued upon this petition and properly served on the board of commissioners of Crawford county and also that the board of commissioners of Crawford county filed an answer. There can be no question, in our judgment, as to the jurisdiction of the court of common pleas of the board of commissioners of Crawford county, authorized to represent the county in the manner provided by this statute, and by the general statute as to county commissioners, making that body capable of suing and being sued.

I have before me the answer of the board of commissioners of Crawford county. There are certain admissions in this answer which may be important in view of some of the contentions of counsel.

It is expressly admitted that on October 10, 1905, a petition praying for the cleaning out, deepening and widening of a joint county ditch, known as "Noggle Joint county ditch No. 370," was filed with the proper officers in the said counties.

It is expressly admitted that on November 9, 1905, said boards of county commissioners met in joint session at the place of beginning of said proposed improvement.

It is expressly admitted that said boards of county commissioners met in adjourned joint session at the courthouse at Norwalk, Ohio, on February 23, 1906, and also that the plaintiff, the Huron county board, and the parties defendant, the Crawford county board and Richland county board, were unable to agree as to the proportion of the costs of location and construction of said improvement which should be assessed in each of said counties respectively and that they have ever since been unable to agree.

This substantially admits about all the matters which the statute provides shall constitute conditions precedent to the invoking of the jurisdiction of the court of common pleas under Rev. Stat. 4488a (Lan. 7672). However there are certain denials and averments which should be taken into consideration in connection with the admissions which I have recited.

The answer alleges that no benefit would accrue to Crawford county by reason of the proposed drainage; it alleges that the lands in Crawford county do not need drainage; that they naturally drain their waters into "said" swamp (which does not seem to have been before mentioned in the answer), and that the same are carried off through said ditch, referring evidently to the "Noggle ditch" concerning which

Commissioners v. Commissioners.

we have this whole controversy, and if so, that that ditch is the natural outlet and drainage of these lands.

Then we find this allegation in the answer:

"And this answering defendant says that the said surface waters from off the lands in Crawford county have been running through depressions in which said ditch is constructed since time immemorial to the same extent that they now do; that said ditch would be the natural drain and outlet for said water, and that all the land in Crawford county claimed to be affected by this improvement is as naturally and sufficiently drained thereby and as well and thoroughly as though this proposed improvement had been made, or will be when said improvement has been constructed.

"This defendant, for further answer, says that the proposed improvement will not require a location in more than one county, viz., Huron county, Ohio."

Then it urges that no part of the costs or expense should be placed against Crawford county; that there are no lands in said county which can be assessed for the location and construction of the same, for the reason that they are not benefited thereby; and also that, if a portion of the expense for the location and construction of this proposed improvement should be placed against Crawford county, the same would be unjust, unfair and inequitable.

It is urged by counsel for defendant below, plaintiff in error here, the board of commissioners of Crawford county, that this ditch had been in existence for many years and had not been obstructed or interrupted, and that it had become a natural water course under the terms of Rev. Stat. 4500 (Lan. 7681), which provides when a ditch shall become a public water course. The language is:

"When a ditch has been established and constructed for the public health, convenience, or welfare, either by private agreement between two or more individuals, whose real property has been affected thereby, or by a board of township trustees, or by a board of county commissioners, and such ditch has been used for the purpose of drainage of private lands or public highways for seven years or more, without obstruction or interruption, the same shall be, and hereby is declared to be, a public water course, notwithstanding errors, defects, or irregularities in the location, establishment, or construction of the same and such public water course shall, in all respects, be considered and treated as a natural water course, and the public shall have and possess, in and to such public water course, the same rights and privileges which pertain and relate to natural water courses."

Huron County.

We do not understand, however, when a ditch has been once established by law and has been used for seven years, that all right is lost to the proper authorities to widen or deepen or straighten it; that it has become a natural water course in any such sense as to take away the right to improve it as an established ditch.

It is urged by counsel for plaintiff in error that as the work is required by the joint voice of the boards of commissioners of three counties to be done entirely in Huron county, therefore no such proceeding as we have here is permissible, and that an action should be brought under another section of the Revised Statutes providing for the construction or improvement of an outlet in one county to waters drained therein from another.

Revised Statute 4510-1 (Lan. 7694) provides:

"In all cases where the commissioners of any county in this state shall cause to be constructed or enlarged, or cleaned, or repaired, any ditch, drain or water course, the water from which flows into an adjoining county or into or finds an outlet in any ditch, drain or water course constructed or being constructed in an adjoining county, and in all cases where the commissioners of any county in this state shall cause to be constructed, enlarged, cleaned out or repaired, any ditch, drain or water course, which is or may be an outlet for any ditch, drain or water course, of lands of an upper county"—and I emphasize the term "water course" in view of the argument which has been made under Rev. Stat. 4500 (Lan. 7681), that under certain circumstances, a ditch becomes a public water course and subject to treatment as such—"or which, by reason of any proposed improvement thereof, will provide better drainage or a more sufficient outlet for any ditch, drain or water course, or lands of an upper county, and in all cases where the commissioners of any county in this state find it necessary to construct, or enlarge, or widen, or deepen, or clean out, any ditch, drain or water course of a lower county in order to secure a sufficient and proper outlet for a proposed ditch, drain or water course of an upper county, the commissioners of such upper county shall pay the commissioners of such lower county such sum as may be agreed upon by the commissioners of both counties, for the use and benefit of such outlet, which sum the commissioners of said upper county shall apportion to the lands in their county, for whose benefit said ditch was, or is constructed," etc.

There are several sections immediately following this, culminating in Lan. 7703 (B. 4510-10) in which we think that we find authority to the commissioners of any one of these counties for an alternative procedure.

### Commissioners v. Commissioners.

It will be noted that in the section which I have just read, the right is given to the lower county to compel contribution by the upper counties for work done solely in the lower county, in the cleaning out or widening or improving a ditch which drains the lands or water course, or ditch of an upper county.

Laning 7703 (B. 4510-10) provides:

"All proceedings for the construction, cleaning out, repairing or enlarging either of said ditches, in either the upper or lower counties, whether or not the same have been originally constructed as joint ditches or whether or not the ditch to be constructed might be a joint ditch, may be commenced and conducted in the manner prescribed by this act and the law prescribed for single county ditches."

I should perhaps pause to say that the procedure in what is here called "this act," is a procedure instituted in the probate court where the parties have not agreed upon the proper proportion of the expenses.

Laning 7703 (B. 4510-10) continues: .

"But in addition to the manner of procedure prescribed in this act for the construction, enlarging, cleaning out or repairing of any ditch, which furnishes or may furnish drainage for more than one county, proceedings shall be commenced and conducted in the manner prescribed by law for the construction of joint ditches, whenever a majority of each board of commissioners of such counties shall so agree."

This, we think, gives the alternative remedy under which the board of commissioners of Huron county might proceed in the court of common pleas instead of the probate court, provided the boards of county commissioners have agreed to treat the case as one where such procedure may be adopted. Have they done so in this case? Perhaps not by any formal resolution to that effect; but, by filing their answer in the court of common pleas, by their agreement to what should be the finding of the court, on July 5, 1906, by their assenting to the journal entry and by their taking no exception to the action of the court on that occasion, it seems to us that they have acted as effectually as if they had placed a formal motion adopting this procedure upon their records. The entire procedure on March 6, was entirely in harmony with the action which was taken in the court of common pleas. No objection was made in the court of common pleas to the jurisdiction of the court unless we are to treat the exceptions filed to the report of the viewers on December 8, 1906, as such an objection to the jurisdiction of the court.

Huron County.

Now, the court of common pleas, having that sort of jurisdiction which we think it might properly assume, from the apparent consent of all parties, and from the fact that summons had been issued and served and answers filed, proceeded upon July 5 to appoint certain viewers, nonresidents of either of the three counties named, to take action provided by law in the apportioning of the expenses.

Revised Statute 4488a (Lan. 7672) provides for the appointment of three disinterested freeholders, not residents of either of said counties, who shall within thirty days thereafter, after being duly sworn and upon actual view of said improvement, estimate and report to said court the amount which should be charged to the land in each county interested in said improvement respectively.

It seems that by some inadvertence perhaps, the persons appointed by the court in July, failed to qualify or to make any examination as required by law or to file any report thereon; and the attention of the court being called to these facts, at a later date, during the same term, on August 6, the court reappointed the same persons as viewers. More than the period of thirty days having elapsed from the time of the filing of the petition, and indeed from the time of their first appointment, it is contended that the court had no jurisdiction to appoint viewers after this lapse of time, and that the thirty-day period specified by the statute is intended to begin with the day of the filing of the petition in the court of common pleas.

This was not the view entertained by the court of common pleas, nor is it ours. We think, as is ably suggested by Judge Richards in the court below, that many matters might intervene to prevent the court of common pleas from taking immediate action by appointment of viewers upon the filing of the petition. We think that it is the design of the statute to allow viewers thirty days from the time of their appointment and qualification, to do the work entrusted to them, and that the time is none too long.

If the contention of counsel for plaintiff in error is right, the first appointment by the court as well as the second, was, as suggested, invalid for want of jurisdiction, because more than thirty days had elapsed from the time of the filing of the petition in the court of common pleas.

Now, on August 6, the court appointed these viewers and they made their report at a later date, and on December 28, the court heard certain exceptions that were filed by the commissioners of Crawford county. The court, prior to this time, had overruled motions made by the two groups of residents of Crawford and Richland counties, to be made parties to the proceeding; and when it was discovered that the

Commissioners v. Commissioners.

viewers had not qualified or acted under the order made in July, the court set aside its entire order made as of that date, and the motion of these men to become parties seems to have been renewed and was again overruled, to which ruling of the court they took exceptions and they are prosecuting their claims here in the two cases numbered as I have already stated, in which they appear as individual plaintiffs in error.

The board of commissioners of Richland county attacked the report of the viewers upon the ground that the apportionment of the expenses to Richland county was unjust, and the court of common pleas, considering those exceptions, so far sustained them as to cut down the apportionment against Richland county. No objection, however, was made to the amount of the expense assessed against Crawford county, but the board of commissioners of that county, in their exceptions, contended that no charge at all could legally be made against Crawford county by reason of the allegations in their answer and the facts which they claimed to exist. They based their contention almost entirely, if not entirely, upon these jurisdictional claims. They claimed that the court of common pleas had no power to appoint viewers after the lapse of thirty days from the time of filing the petition; they claimed that after the court had once appointed viewers, the court had no jurisdiction to reappoint the same viewers or to appoint any others; and they also contended that the proceeding was not one in which the court of common pleas could act at all; that if the plaintiff had any rights, they were to be worked out in the probate court under Lan. 7703 (B. 4510-10), a part of which I have read.

Perhaps I should qualify the foregoing statement: It is not quite clear that this last contention was made in the court of common pleas. It has been made in this court; and it is being urged now with force and earnestness that the only rights belonging to Huron county to improve a ditch in Huron county and assess any part of the expense upon other counties drained thereby, must be enforced by proceedings under Lan. 7703 (B. 4510-10), and in the probate court, and not in the court of common pleas at all.

I have already attempted to explain our views as to the contention of the plaintiff in error upon that subject, by inviting attention to what seems to be an alternative procedure offered by Lan. 7703 (B. 4510-10).

We are of the view, however, that even without this alternative, the proceedings are properly brought in the court of common pleas because of the apparently conceded fact, that this was a joint ditch; and

36 O. C. C. Vol. 29.

although no part of the work of widening, deepening or straightening was to be done in the other counties, still it was the improving of an apparently already established joint ditch in which the counties were jointly interested and by which they were presumably benefited.

We think that even if this ditch existed in part in Crawford and Richland counties, as well as in Huron county, and lay along the valley of any depression or water course; and if it had existed for so long a time that it had become what, in Rev. Stat. 4500 (Lan. 7681), is termed a public water course, it would make no difference with the right to proceed under Rev. Stat. 4488a (Lan. 7672).

We are quite clear in the view that the court of common pleas, having once obtained jurisdiction by the filing of the petition by the board of commissioners of Huron county, 'the issuance and service of summons, the filing of the answers of the defendants below and the order of the court, as made, which seems to have been assented to by the prosecuting attorneys of the different counties acting as attorneys for the parties, the action then taken by the court, to which there was no exception, so far as appears by the certified journal entries before me, could not be subsequently attacked upon exceptions to the report of the viewers. No attack was at any time made directly to the jurisdiction of the court; it was the action of the viewers, or the report of the viewers that was attacked.

The statute provides for exceptions to reports of viewers and counsel filed such exceptions, and those exceptions were heard and disposed of on December 28, 1906.

It is said by counsel in argument that no replies had been filed to the answers, or to the answer of the defendant, the board of commissioners of Crawford county. It is true that no reply had been filed to the answer up to December 28, 1906, and it is a matter of some doubt as to whether any reply was necessary.

The material matters urged in the answer of the board of commissioners of Crawford county was, that there was no necessity for a joint ditch; that the lands of Crawford county were not going to be benefited, etc. All this was a matter for the commissioners to consider in their meeting, their joint meeting of March 6, 1906, or February 23, or at some time prior to the determination to go on with the proposed improvement in one county or more.

There was, by the authorizing of the work to be done, a substantial concession of benefit to the different counties joining in this action.

Upon December 28, 1906, the court of common pleas permitted a reply to be filed *instanter* and a reply was filed in which the various

pleas made by the commissioners of Crawford county were denied, except in so far as the allegations were admissions of matters previously stated by the plaintiff board below.

The statutes are somewhat meager as to provisions for forms of procedure. Nothing is said about any pleadings except the petition. It is possible that the procedure of the civil code might be followed so far as it can be made applicable and it seems to have been followed in this case, but whether or not that was essential is a matter which it is not necessary for us at this time to determine.

We think that the court of common pleas committed no error in confirming the report of the viewers in the absence of any evidence showing that their apportionment of expenses to Crawford ·county was unjust.

Presumably, had there been evidence of unfairness in this regard, Crawford county would have been fairly dealt with. The court of common pleas found no difficulty in determining that too large an amount had been assessed against Richland county and promptly cut it down.

Now, as to the attempted interposition of the resident landowners in Richland and Crawford counties, it is perhaps sufficient to say that no section can be found in the statutes in which resident landowners can be made parties. The law makes provision only for proceedings between and among the boards of commissioners of different counties interested and the board of commissioners of Crawford county presumably represents the interests of the landowners of that county. It is not necessary that they should come into court to litigate their claims; nor is it necessary for us to determine at the present time just what procedure should be adopted by the board of commissioners or other officials of Crawford county to place in its treasury the means of providing for the expenses charged against Crawford county in the apportionment of the costs of this improvement.

It is said by the prosecuting attorney of Crawford county that difficulties will arise; that it will be unjust to draw money from the general fund because that would be placing the expenses upon many people in the county who ought not to bear any portion of it, who have no land that would be benefited by the drainage into this ditch, and it is claimed that there is no method under the law, of assessing the expense upon the resident landowners whose land will be benefited.

We are not inclined to agree with counsel as to this; but however it may be, it is sufficient for us to decide the case in so far as it is presented to us.

Huron County.

We think that under the spirit of the various sections which have been cited to us, and those which we have examined and some of which I have read in part and commented upon, the judgment of the court of common pleas should be affirmed.

**Haynes** and **Parker, JJ.,** concur.